UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

Plaintiff,

-against-

BELTON BRABHAM,

Defendant.

**MEMORANDUM AND ORDER**
Case No. 18-CR-186 (FB)

*Appearances:*
*For the Government:*
ANDREW STAMBOULIDIS
Assistant United States Attorney
271 Cadman Plaza East
Brooklyn, NY 11201

*For the Defendant:*
MARISSA SHERMAN
Federal Defenders of New York
One Pierrepoint Plaza, 16th Floor
Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

Defendant Belton Brabham ("Brabham") moves to terminate his supervised release, having served more than 12 months of his two-year term imposed on September 18, 2025, by the court following a violation of supervised release ("VOSR"). Brabham is suffering from stage IV metastatic lung cancer and cannot be effectively supervised by the Probation Department. Having considered the relevant statutory and Sentencing Guidelines factors, the Court concludes that Brabham's motion should be **GRANTED**.

## I.

On October 10, 2019, Brabham pled guilty to one count of possession of a stolen firearm in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). On June 16, 2022, the Court sentenced him to time served and three years of supervised release. Dkt. 37. Pursuant to VOSR reports dated October 12, 2023, and February 18, 2025, the Court sentenced Brabham on September 18, 2025, to an additional two years of supervised release. Dkt. 45, 48 (VOSR Reports); Dkt. 52 (Sentencing).

The Probation Department filed another VOSR report on June 8, 2026, after it lost contact with Brabham. Dkt. 56. The report was withdrawn, and the arrest warrant issued by the Court was vacated, when Probation located Brabham at Queens Hospital Center, where he was being treated for metastatic stage IV lung cancer after initially being admitted for "acute hypoxic respiratory failure and cardiogenic shock." Dkt. 62, Ex. B.

In light of these profoundly changed circumstances, Brabham moves to terminate his supervised release. Although the government opposes the motion, the Probation Department supports it. Dkt. 63, 64.

**II.**

The purpose of supervised release is not to punish the defendant but to aid in a defendant's rehabilitation and "to ease the defendant's transition into the community after the service of a long prison term for a particularly serious offense." *United States v. Morgan*, 820 F. Supp. 3d 203, 212 (E.D.N.Y. 2026) (quoting *Johnson v. United States*, 529 U.S. 694, 709 (2000)). *See also United States v. Granderson*, 511 U.S. 39, 50 (1994); *United States v. Aldeen*, 792 F.3d 247, 252 (2d Cir. 2015). Thus, "[t]hose who no longer need the rehabilitative purposes of supervised release may qualify for early termination." *Morgan,* 820 F. Supp. 3d at 209.

Under § 3583(e)(1), the court may terminate a term of supervised release after one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. The district courts are to consider general § 3553(a) sentencing factors in determining when modification or termination of supervised release is appropriate. That statute does not give district courts guidance as to the factors that are particularly pertinent in deciding when supervised release should be modified or terminated. Section 3553(a)(5), however, directs the Court to consider "any pertinent policy statement . . . issued by the Sentencing Commission." The Court has recently reviewed the

landscape of supervised release and motions for termination under new Sentencing Guidelines Section 5D1.4 in *Morgan.*

Section 5D1.4 provides six factors to consider in determining whether to terminate supervised release:

i. any history of court-reported violations over the term of supervision;
ii. the ability of the defendant to lawfully self-manage (*e.g.*, the ability to problem-solve and avoid situations that may result in a violation of a condition of supervised release or new criminal charges);
iii. the defendant's substantial compliance with all conditions of supervision;
iv. the defendant's engagement in appropriate prosocial activities and the existence or lack of prosocial support to remain lawful beyond the period of supervision;
v. a demonstrated reduction in risk level or maintenance of the lowest category of risk over the period of supervision; and
vi. whether termination will jeopardize public safety, as evidenced by the nature of the defendant's offense, the defendant's criminal history, the defendant's record while incarcerated, the defendant's efforts to reintegrate into the community and avoid recidivism, any statements or information provided by the victims of the offense, and other factors the court finds relevant.

Admittedly, Brabham's conduct on supervised release was poor, and the government opposes termination on that basis. Dkt. 63. That history weighs against termination under the first and third factors of Section 5D1.4, which look to violations and compliance with conditions of supervision. But those factors are not dispositive.

Brabham's current condition as a "homeless, indigent, and immobile" patient with rapidly deteriorating health provides a strong basis for termination. Dkt. 64. Brabham is suffering from stage IV lung cancer that has metastasized to his liver and lymph node. Dkt. 62, Ex. B. The Probation Department reports that his prognosis is poor and that he is confined to a hospital bed and immobile. Dkt. 64. Although he spent some time at Holliswood Center for Rehabilitation and Healthcare for long-term care and chemotherapy, he returned to Queens Hospital Center after an undisclosed medical episode and remained there as of September 24, 2026. *Id.* His critical health condition, advanced age (sixty-eight), and immobility all support the conclusion that terminating his supervised release will not jeopardize public safety. Dkt. 62, 64.

The Probation Department candidly acknowledges that in Brabham's current state, "he cannot report to the Probation Office, submit to drug screening, attend substance abuse treatment, or even complete initial processing paperwork …." Dkt. 64. Brabham's rehabilitative needs are best served by his medical team, and supervised release no longer serves a rehabilitative purpose.

Accordingly, Brabham's motion to terminate supervised release is **GRANTED.**

**SO ORDERED.**

_/S/ Frederic Block____________
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
October 6, 2026